**ORAL ARGUMENT REQUESTED**

**No. 20-2023**

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

_____

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Appellant,**

**v.**

**ROARK-WHITTEN HOSPITALITY 2, LP d/b/a
WHITTEN INN, JAI HANUMAN, LLC d/b/a
WHITTEN INN TAOS and/or EL CAMINO LODGE, and
SGI, LLC d/b/a EL CAMINO LODGE,**

**Appellees.**

_____

**On Appeal from the United States District Court for the
District of New Mexico, Hon. Paul Kelly, Jr.
Sitting by Designation, Case No. 1:14-cv-00884-PJK-LF**

_____

**OPENING BRIEF OF SGI, LLC AS APPELLEE**

_____

**Paul E. Frye
W. Gregory Kelly
Frye & Kelly, P.C.
10400 Academy Rd. NE, Suite 310
Albuquerque, NM 87111
(505) 296-9400
pef@fryelaw.us
wgk@fryelaw.us**

## CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee SGI, LLC, has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

10TH CIR. R. 31.3(B) STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix

GLOSSARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  x

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

     A.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

     B,    Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

     C.    Ruling Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

     I.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

     II.    The Fundamental Predicates for Allowing Imposition of
            Successor Liability Are Absent as to SGI. . . . . . . . . . . . . . . . . . . .  9

     III.    Even if the Successor Liability Doctrine Applied to SGI, EEOC's
            Fourth Amended Complaint Fails to State a Claim of Successor
            Liability Against SGI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

            A.    EEOC's Failure to Allege that SGI Had Actual Notice
                 Is Fatal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

iii

B.   EEOC Failed to Adequately Plead Constructive Notice. . . . . 15

    1.   Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    2.   Allegations that EEOC's Suit Had Been Filed, SGI
        Had Failed to Do a Google Search, and SGI Could
        Have Done More Searching Do Not Satisfy the
        Requirements of Constructive Notice. . . . . . . . . . . . . 17

    3.   EEOC's Unpled "New Facts" Should Be
        Disregarded. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

C.   EEOC Failed to Properly Allege the Other *Trujillo*
    Factors, an Additional Ground for Affirmance. . . . . . . . . . . 22

    1.   EEOC's Allegations of the Other Eight *Trujillo*
        Factors Do Not Pass Muster under *Iqbal* and
        *Twombly*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    2.   The Record Demonstrates Why This Court Should
        Require Allegations Made on Information and Belief
        to Be Supported by Some Facts or Circumstances
        upon which the Belief Is Based. . . . . . . . . . . . . . . . . . 27

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . 33

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

CERTIFICATE OF PRIVACY REDACTIONS . . . . . . . . . . . . . . . . . . . . . 34

CERTIFICATE OF HARD COPIES BEING EXACT REPLICA . . . . . . . . . . 34

CERTIFICATE OF VIRUS SCAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

iv

# TABLE OF AUTHORITIES

## I.     CASES

*Agema v. City of Allegan*, 826 F.3d 326 (6th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . 20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . x, 4, 5, 20, 22-26

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . 5, 20, 25

*Burnett v. Mortgage Elec. Regis. Sys., Inc.*, 706 F.3d 1231 (10th Cir. 2013) . . . . 26

*Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711
    (1st Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Clifton v. MARS Telecon, Inc.*, No. 95-2364-JWL, 1996 WL 157288
    (D. Kan. Mar. 5, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Daniels v. City of Alcoa*, 732 F. Supp. 1467 (E.D. Tenn. 1989) . . . . . . . . . . . . . 14

*Dominguez v. Hotel, Motel, Restaurant & Misc. Bartenders U. Local #64*,
    674 F.2d 732 (8th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*EEOC v. 786 South, LLC*, No. 2:07-CV-02621-JPM, 2010 WL 4628101
    (W.D. Tenn. Nov. 8, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*EEOC v. Anchor Sign Corp.*, No. CIV 88-68-N, 1988 WL 141031
    (E.D. Va. July 22, 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086
    (6th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

*EEOC v. Propak Logistics, Inc.*, 746 F.3d 145 (4th Cir. 2014) . . . . . . . . . . . . . . 32

*Feinberg v. C.I.R.*, 916 F.3d 1330 (10th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . 22

*Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*,
    297 F.3d 1146 (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp.2d 1103
    (D.N.M. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 23, 24

*Garcia v. CCCA of Tenn., LLC*, No. 14-cv-1075 KG/SCY,
    2015 WL 13651027 (D.N.M. Sept. 8, 2015) . . . . . . . . . . . . . . . . . . . . . . . 25

*Golden State Bottling Co., Inc. v. NLRB*,
    414 U.S. 168 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-14, 24

*Henry v. Lennox Indus., Inc.*, 768 F.2d 746 (6th Cir. 1985) . . . . . . . . . . . . . . . . 14

*Icahn Sch. of Med at Mt. Sanai v. Neurorine Biosciences, Inc.*,
    191 F. Supp.3d 322 (S.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Jackson v. Lockie Corp.*, 108 F. Supp. 2d 1164 (D. Colo. 2000) . . . . . . . . . . . . 23

*John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964) . . . . . . . . . . . 7, 10-13

*Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012) . . . . . . . . . . . . . . . . 26

*Miller v. Maxwell Int'l, Inc.*, 991 F.2d 583 (9th Cir. 1993), *cert. denied*,
    510 U.S. 1109 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Mobley v. McCormick*, 40 F.3d 337 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 19

*Morman v. Campbell County Mem. Hosp.,* 632 Fed. Appx. 927
    (10th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Mount Lemon Fire Dist. v. Guido*, 139 S. Ct. 22 (2018) . . . . . . . . . . . . . . . . . . . 27

*Musikiwamba v. ESSI, Inc.*, 760 F.2d 740 (7th Cir. 1985) . . . . . . . . . . . . . . 11, 17

*Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454 (S.D.N.Y. 2016), *aff'd*,
    759 Fed. Appx. 42 (2d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*NLRB v. Burns Int'l Security Svcs., Inc.*, 406 U.S. 272 (1972) . . . . . . . . . . . . 10-13

*Phillips v. Bell*, 365 Fed. Appx. 133 (10th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . 25

*Rego v. ARC Water Treatment Co. of Pa.*, 181 F.3d 396 (3d Cir. 1999) . . . . . . . 31

*Richmond v. Settles*, 450 Fed. Appx. 448 (6th Cir. 2011) . . . . . . . . . . . . . . . . . . . 21

*Rojas v. TK Communications, Inc.*, 87 F.3d 745 (5th Cir. 1996) . . . . . . . . . . . . . 11

*Scott v. Sopris Imports, Ltd.*, 962 F. Supp. 1356 (D. Colo. 1997) . . . . . . . . . . 13, 15

*Stewart v. Beach*, 701 F.3d 1322 (10th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . 3, 4, 6

*Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378 (6th Cir. 2013) . . . . . . . . . . . . . 21

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Torry v. Northrup Grumman Corp.*, 399 F.3d 876 (7th Cir. 2005) . . . . . . . . . . . 16

*Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315
(1st Cir. 2008), *cert. denied*, 555 U.S. 995 (2008) . . . . . . . . . . . . . . . . . . . . . 21

*Trujillo v. Longhorn Mfg. Co. Inc.*, 694 F.2d 221
(10th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8, 10, 13, 15, 16, 22-28, 32

*Trustees of Chicago Plastering Inst. Pension Trust v.
Elite Plastering Co., Inc.*, 603 F. Supp.2d 1143 (N.D. Ill. 2009). . 13, 14, 17, 19

*United States v. Jarvis*, 499 F.3d 1196 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . 18

*Waller v. City and County of Denver*, 932 F.3d 1277
(10th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 20, 21

*Wasatch Equality v. Alta Ski Lifts Co.,* 820 F.3d 381 (10th Cir. 2016) . . . . . . . . 25

*Wheeler v. Snyder Buick, Inc.,* 794 F.2d 1228
   (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 17, 19, 23, 24

*Wiggins v. Spector Freight Sys., Inc.*, 583 F.2d 882 (6th Cir. 1978) .. . . . . . . . . . 17

## II.    STATUTES AND RULES

42 U.S.C. § 2000e(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

42 U.S.C. § 2000e-5(b) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**There are no prior or related appeals.**

## 10TH CIR. R. 31.3(B) STATEMENT

Appellees SGI, LLC ("SGI") and Jai Hanuman, LLC ("Jai") cannot file a single brief primarily for four reasons. First, Jai defaulted on liability, while SGI has yet to file its answer, so the issues faced in this appeal by SGI and Jai differ fundamentally. Second, Jai did not file a motion to dismiss under Rule 12(b)(6) under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), see R.178 at 10, 13-18, but SGI did, and the order granting SGI's motion is one of the two orders that EEOC appeals. Third, this appeal involves the factors relevant to imposing (or not) liability on a successor employer for the alleged misdeeds of its predecessor. The most important of those factors is whether the successor had notice of the dispute prior to purchasing the predecessor's assets or business. In this case SGI had no such prior notice, as EEOC learned in the deposition of SGI's principal. By contrast, Jai has never denied that it had prior notice of the dispute, instead arguing that notice is "immaterial." *E.g.*, R.110 at 3. Fourth, SGI and Jai have inimical interests. As shown in part III(C) of SGI's brief, Jai misled SGI about whether there were any unknown matters of which SGI should have been aware prior to SGI's purchase of the property, and, had Jai been forthcoming about EEOC's suit, SGI would not have purchased the property and would not be involved in this suit to begin with.

## GLOSSARY

"TAC" means the Third Amended Complaint.

"FAC" means the Fourth Amended Complaint.

"R[#]" refers to the docket number in the District Court.

"App." means the Appendix filed by EEOC.

"Aplee. Supp. App." means the Supplemental Appendix filed by SGI.

## STATEMENT OF ISSUES

1.  Whether the doctrine of "successor liability" applies to SGI, LLC ("SGI"), which acquired the hotel property from Jai Hanuman, LLC ("Jai") seven years after the alleged discrimination by Jai's predecessor, Roark-Whitten Hospitality 2, LP ("Whitten") and seven years after all of Whitten's aggrieved employees had either resigned or been fired by Whitten.

2.  Whether the Equal Employment Opportunity Commission ("EEOC"), on appeal, may challenge the ruling by the District Court that the EEOC had failed to state a claim against SGI on the basis of supposed facts that EEOC deliberately chose *not* to allege in its Fourth Amended Complaint.

3.  Assuming that SGI could be sued under a successor liability theory, whether, after one unsuccessful try, EEOC stated a claim against SGI, where EEOC failed to allege that SGI had notice of its lawsuit and where it alleged the other relevant factors "upon information and belief" without stating any facts upon which its belief was based.

## STATEMENT OF THE CASE

### A.     Relevant Facts

The only discrimination alleged by EEOC occurred from July to September of 2009 at a hotel (the "Hotel") in Taos owned by Whitten.  Fourth Am. Compl. ("FAC") ¶¶ 40-92 (App. 64-68).  *All* of the aggrieved parties had been fired by

Whitten or had resigned by September 14, 2009. *Id.* (FAC at 1 (listing aggrieved parties); ¶¶ 66, 73, 74, 77, 83 (each of these had either been fired or had resigned by September 14, 2009).

EEOC sent notice of its reasonable-cause determination to Whitten approximately *four years later*, on July 11, 2013. *Id.* ¶ 6 (App. 55). On September 30, 2014, *over one year later* and more than five years after the alleged discrimination had taken place, EEOC finally sued Whitten. R.1. About this time, Whitten sold the Hotel to Jai. FAC ¶¶ 14-15 (App. 56-57) (Jai's registered agent issued press release on October 5, 2014 stating Jai was the "new owner" of the Hotel).

EEOC learned of the sale from Whitten and amended its Complaint to add the "unknown owner" on December 22, 2014. R.4. *Over one year and seven months after that*, on August 5, 2016, EEOC had been able to determine that Jai was the new owner and moved to amend its Complaint to name Jai specifically. R.52.[1]

Jai sold the Hotel to SGI in September 2016. FAC ¶ 35(a) (App. 59). EEOC moved to add SGI as a defendant on December 16, 2016. R.86. Whitten and Jai opposed the motion to add SGI. R.94. On May 17, 2017, before the court ruled on EEOC's motion to add SGI as a defendant, EEOC took the deposition of SGI's principal, Russ Harper, where Harper was represented by counsel for Whitten and Jai.

---

[1] That motion was granted on December 16, 2016. App. 10.

2

As shown below, the facts learned by EEOC at Harper's deposition directly contradict allegations made in both the Third Amended Complaint ("TAC") and the FAC.

## B.     Procedural History

All alleged acts of discrimination occurred from July 31, 2009 to September 14, 2009.  FAC, R.201 ¶¶ 40-90.  EEOC filed suit against Whitten, the alleged wrongdoer, over five years later, on September 30, 2014.  *Id*.  EEOC learned that Whitten sold the Hotel around this time and, on December 22, 2014, filed an Amended Complaint, adding "XYZ Company(s)/Corporations(s)" as a defendant. Am. Compl., R.4.  It apparently took EEOC more than one year and seven months to identify Jai as the "XYZ Company," and on August 5, 2016, EEOC moved unopposed to file its Second Amended Complaint to specifically name Jai.  R.52

Having learned that SGI purchased the Hotel from Jai in 2016, EEOC moved to file the TAC to add SGI as a defendant.  R.86.  Jai and Whitten opposed the filing of the TAC on the grounds that (1) the EEOC failed to exhaust administrative remedies against SGI, (2) adding SGI as a defendant would be "unduly prejudicial towards SGI" and wasteful of judicial and party resources, and (3) SGI was not a "necessary party" under Fed. R. Civ. P. 19.  R.94 at 1.[2]  The opposition emphasized

---

[2] SGI was not yet a party, did not participate in briefing on Whitten's and Jai's motion, and therefore was not bound by any rulings made on it.  *See, e.g., Stewart v. Beach*, 701 F.3d 1322, 1328 n.6 (10th Cir. 2012).

that "[t]here is not, and cannot be, a colorable allegation of substantial continuity of business operations between [Whitten] and SGI" primarily because of the seven years separating the alleged bad acts of Whitten and the purchase of the Hotel by SGI from Jai. R.94 at 5. For unknown reasons, Whitten and Jai did not base their motion on *Iqbal* and *Twombly*,[3] as the District Court noted. R.178 at 10, 13-18. Jai's and Whitten's opposition was rejected, and EEOC was permitted to file its TAC. R.178.

EEOC filed the TAC on September 28, 2017, adding SGI as a defendant. R.179. SGI moved to dismiss the TAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6), relying on *Iqbal* and *Twombly*. R.186. SGI argued that EEOC had failed to plead that SGI had notice of the suit, the most important of the nine factors approved in *Trujillo v. Longhorn Mfg. Co., Inc.*, 694 F.2d 221, 224-25 n.3 (10th Cir. 1982); failed to even advert to three of the other nine *Trujillo* factors; and provided only a bare-bones formulaic recitation of the other *Trujillo* factors, all "upon information and belief" with no statement of any facts upon which its belief was founded. *Id*.

EEOC opposed SGI's motion to dismiss. R.191. Notably for this appeal, EEOC represented that its motion to amend the Complaint to add SGI "was filed

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

4

previous to the deposition of SGI's owner" and thus that "there is additional evidence that can be added to lend credence to [EEOC's] assertion that successor liability should be imposed on Defendant SGI." *Id*. at 9 n.4. EEOC urged that, if the court ruled that the TAC was defective, the court should allow EEOC to again amend its complaint to add the "additional evidence." *Id*.

Judge Vasquez granted SGI's motion to dismiss because EEOC did not allege the most important of the *Trujillo* factors – that SGI had notice of the suit against its predecessors. R.199. In *dictum*, the court stated that the EEOC had "plausibly allege[d]" four of the other nine *Trujillo* factors. *Id*. at 9.[4] The court gave EEOC another chance to state a claim against SGI. *Id*. at 10.

So EEOC filed its Fourth Amended Complaint on August 13, 2018, nine years after the alleged bad acts. R.201. Having previously touted the "new evidence" it obtained from Harper's deposition, EEOC included some facts learned from the Harper deposition but did *not* include in the FAC *any* allegations of "red flags" supposedly raised in the negotiations and relied on by EEOC in this appeal. SGI promptly moved to dismiss the FAC, again based on *Iqbal* and *Twombley*. R.203.

---

[4] The allegations "plausibly alleged" include the allegation that "since at least 2016, SGI has employed more than 15 employees," R.199 at 9, the minimum number of employees needed for Title VII to apply and which EEOC knew to be false, as discussed in part III(C), below.

SGI argued that EEOC still had not properly alleged notice, and its other allegations related to successor liability were also defective because they were made "upon information and belief" without stating any underlying facts or circumstances that would support such an allegation.

EEOC opposed the motion, arguing that SGI should be charged with "constructive notice" because EEOC had filed suit against Whitten and Jai, because a Google search for "Whitten Inn Taos" would have allegedly revealed the controversy, and because a decision issued before SGI was a party supposedly precluded SGI from challenging the sufficiency of the allegations made "upon information and belief" under the law of the case doctrine, a position previously rejected by the District Court, R.199 at 7 (citing *Stewart*, 701 F.3d at 1328 n.6). App. 100-05. EEOC also opposed the motion based on the erroneous contention that SGI had contractually assumed Jai's debts, App. 97-100, *cf. id.* 110-13, 121-32, a position EEOC has abandoned on appeal.

The District Court granted SGI's motion. App. 133. It held, once again, that EEOC had failed to adequately plead the most important factor governing successor liability – notice. The court observed that EEOC did not allege that SGI had actual notice of the lawsuit, App. 139, and "[a]ssuming without deciding that constructive notice is sufficient," *id*., the court determined that the FAC did not allege facts

6

sufficient to show constructive notice, *id*. 139-42. Significantly, the District Court astutely observed that the analysis should not focus in a vacuum on the diligence that was exercised. "Rather, it turns on whether there were facts and circumstances of which a party had a duty to take notice." *Id*. 142. Determining that EEOC's FAC did not allege that SGI had notice of any facts that mandated further inquiry, the court rejected EEOC's positions as requiring "20-20 hindsight" that "would turn constructive notice into needle-in-a-haystack notice." *Id*. 141-42. The District Court therefore did not need to address SGI's additional ground for dismissal based on the insuffiency of EEOC's allegations made on information and belief. App. 142 n.4.

## C.    Ruling Presented for Review

EEOC seeks review of the Memorandum Opinion and Order Dismissing Fourth Amended Complaint against SGI, App. 133, and the Judgment decreeing that EEOC take nothing on its complaint against SGI, *id*. 315.

## SUMMARY OF ARGUMENT

The purpose for imposing successor liability of any kind is to balance a business owner's prerogative to rearrange or sell his business with "some protection to the employees from a sudden change in the employment relationship." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 548 (1964). The FAC alleges that the discriminatory conduct had been committed by Whitten from July 31, 2009 to

7

September 14, 2009. R.201 (FAC ¶¶ 40-90). *All* of the aggrieved parties had been fired by Whitten or had resigned by September 14, 2009. EEOC filed its FAC against SGI about nine years after the alleged discrimination and about nine years after the aggrieved parties last worked at the Hotel. The principle permitting the imposition of successor liability – to protect employees from a "sudden change" in the employment relationship – is wholly lacking with regard to SGI.

Even if the foundation for imposing successor liability on SGI were present, the FAC failed to properly allege any of the factors relevant to successor liability. EEOC's failure to adequately allege that SGI had prior notice of EEOC's suit is fatal. Implicitly recognizing that its FAC is deficient on the issue of notice, EEOC cites "new facts" known to it when it filed *both* the TAC *and* the FAC but alleged in neither. EEOC cannot rely on any such alleged "facts" not pled in the FAC to overturn a ruling that the FAC failed to state a claim. The portions of EEOC's brief that advert to those "facts" should be disregarded. *See Waller v. City and County of Denver*, 932 F.3d 1277, 1282-83, 1286 n.1 (10th Cir. 2019).

EEOC's allegations of the other *Trujillo* factors "upon information and belief" do not make its claim plausible because those allegations lack any statement of facts or circumstances upon which EEOC's supposed belief is based and EEOC knew that those allegations were false when it made them.

8

# ARGUMENT

## I.    STANDARD OF REVIEW

The standard of review for this Court's review of a dismissal for failure to state a claim is *de novo*. *Waller*, 932 F.3d at 1282.

## II.    THE FUNDAMENTAL PREDICATES FOR ALLOWING IMPOSITION OF SUCCESSOR LIABILITY ARE ABSENT AS TO SGI.

EEOC has proceed at a snail's pace in pursuing its claim. The discrimination was allegedly committed by Whitten from July 31, 2009 through September 14, 2009. FAC ¶¶ 40-92 (App. 64-68). All of the aggrieved parties had left employment by September 14, 2009. App. 54, 66-67 (FAC at 1 and ¶¶ 66, 73, 74, 77, 83). It took EEOC almost four years to send notice of its reasonable-cause determination to Whitten. App. 55 (FAC ¶ 6). More than one year after that, and more than five years after the discrimination had occurred and the aggrieved parties had all ended their employment at the Hotel, EEOC finally sued Whitten. R.1 (Compl. filed Sept. 30, 2014). EEOC learned that Whitten sold the Hotel to an "unknown owner" and moved to amend its complaint to add the "XYZ Company" on December 22, 2014, R.4, but it took EEOC an additional one year and seven months to determine who the new owner was and to seek to amend its complaint to add Jai as a defendant. R.52. By the time SGI purchased the Hotel from Jai in September 2016, all the aggrieved

parties had been gone from the Hotel for *seven years*.

This Court adopted the nine-factor test for determining if successor liability should be imposed under Title VII first announced in *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974).  *Trujillo*, 694 at 224-25 n.3.  In turn, *MacMillan* premised its analysis of successor liability on three cases decided under the National Labor Relations Act ("NLRA"),  *Wiley*; *NLRB v. Burns Int'l Security Svcs., Inc.*, 406 U.S. 272 (1972); and *Golden State Bottling Co., Inc. v. NLRB*, 414 U.S. 168 (1973).  *MacMillan* observed that the holding in *Wiley* "rested on considerations of national labor policy . . . that the rightful prerogative of owners independently to rearrange their businesses and even eliminate themselves as employers be balanced by some protection for the employees from a *sudden change* in the employment relationship." *MacMillan*, 503 F.2d at 1089.  The aggrieved parties here experienced no such "sudden change" when SGI bought the Hotel in September 2016 – they had moved on seven years earlier.

*MacMillan* then recognized the limitations on *Wiley* established in *Burns*. *Burns* held that, although a successor employer might be required to bargain with an incumbent union, it would not be bound by provisions of a collective bargaining agreement negotiated by its predecessor.  503 F.2d at 1089-90. *MacMillan* stated that the *Burns* "holding was based on the importance attached to private bargaining

10

without official compulsion over the actual terms of the contract. The Court also observed that requiring a new employer to be bound by the substantive terms of a pre-existing collective bargaining agreement might inhibit the free transfer of capital . . ." *Id.* The *Burns* Court stated that even the obligation for the successor to bargain with the union was itself limited: it would be a "wholly different case" if the successor's operational structure and practices differed from its predecessor's and if the successor had not hired employees already represented by the certified union. *Burns*, 406 U.S. at 280; *see id.* at n.4 (successor had hired 27 former employees of its predecessor out of a total of 42 employees).

Finally, *MacMillan* relied on *Golden State* to determine if successor liability should be permitted under Title VII. 503 F.2d at 1090. *Golden State* reiterated the basis for such liability: to give "'some protection to the employees from a *sudden change* in the employment relationship' . . . so long as there was a 'substantial continuity of identity in the business enterprise,' evidenced there by the wholesale transfer of the predecessor's employees to the successor." *Golden State*, 414 U.S. at 181-82 (quoting *Wiley*, 376 U.S. at 549, 551) (emphasis added). Other courts of appeal recognize this underlying principle. *E.g., Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985); *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996). EEOC concedes as much. EEOC Br. at 42 ("The policy underlying the

[successor liability] doctrine is to protect an employee *when the ownership of his employer suddenly changes*.") (emphasis added; citations and internal quotation marks omitted).

*MacMillan* ruled that the considerations set forth by the Court in those three NLRA cases apply equally to determining whether a successor employer should be liable for violations of Title VII committed by its predecessor.  503 F.2d at 1090. *MacMillan* then derived the nine-part test to determine successor liability in the Title VII context.  503 F.2d at 1094.  This Court continues to apply this nine-factor test, as EEOC observes.  EEOC Br. 34.

The FAC itself shows that the key predicates for imposing successor liability in the Title VII context are not present with respect to SGI.  Whitten's employees were faced with no "sudden change" under *Wiley* as a result of SGI's purchase of the Hotel because SGI purchased the Hotel seven years after the alleged discrimination and seven years after all the aggrieved persons had resigned or had been fired by Whitten.  SGI did not retain any of those employees when SGI bought the Hotel from Jai, *see Burns*, 406 U.S. at 280 & n.4, much less benefit from a "wholesale transfer" of those employees under *Golden State*, 414 U.S. at 182 – those employees had all left seven years before SGI bought the Hotel.

And, with respect to whether there is a "substantial continuity of identity" of

SGI and Whitten, *see Golden State*, 414 U.S. at 182 (quoting *Wiley*, 376 U.S. at 551), and whether SGI's "operational structure and practices" are the same as Whitten's, *see Burns*, 406 U.S. at 280, EEOC's allegations are all improperly made "upon information and belief" without any factual basis for EEOC's "belief." They are also contrary to the facts that EEOC learned in Harper's deposition, as more fully discussed in part III(C) below.

## III.    EVEN IF THE SUCCESSOR LIABILITY DOCTRINE APPLIED TO SGI, EEOC'S FOURTH AMENDED COMPLAINT FAILS TO STATE A CLAIM OF SUCCESSOR LIABILITY AGAINST SGI.

### A.    EEOC's Failure to Allege that SGI Had Actual Notice Is Fatal.

The first of the nine factors determinative of successor liability approved in *Trujillo* is whether the successor had prior notice of the charge. 694 F.2d at 224-45 n.3. The notice factor is the most important of all. *See Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1236 (7th Cir. 1986) (notice factor one of two "critical" factors); *Scott v. Sopris Imports, Ltd.*, 962 F. Supp. 1356, 1360 (D. Colo. 1997) (successor's lack of notice of claim against predecessor is "dispositive"; otherwise, Title VII would be transformed into a strict liability statute); *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp.2d 1103, 1117 (D.N.M. 2005) (notice is "critical") (citation omitted); *Trustees of Chicago Plastering Inst. Pension Trust v. Elite Plastering Co., Inc.*, 603

F. Supp.2d 1143, 1148 (N.D. Ill. 2009) (notice factor is "all-important").[5]

Thus, in a case where the lack of *actual* notice to the successor is clear, the ownership of the successor and predecessor is distinct, and "substantial, if not complete," relief is available from the predecessor, the *Wheeler* court refused to "subject[ ] the doctrine of successor liability to judicial surgery on the scale which would be necessary" to subject the successor to liability. *Wheeler*, 794 F.2d at 1237; *accord Dominguez v. Hotel, Motel, Restaurant & Misc. Bartenders U. Local #64*, 674 F.2d 732, 733 (8th Cir. 1982) (no successor liability because successor had no knowledge of allegations of discrimination despite substantial identity of business operations). That is the case here: the FAC does not allege that SGI had actual notice of the dispute, App. 139, or that SGI and Jai share common ownership or management, *see* App. 54-75.

And the record shows that substantial relief[6] could have been obtained before

---

[5] EEOC effectively concedes the centrality of the notice factor. EEOC Br. at 29-30 (*Golden State* permits successor liability when the successor operates the business "in basically unchanged form and has notice of the unfair practices").

[6] EEOC took the position that injunctive relief such as reinstatement of the aggrieved persons could not be provided by either Jai or Whitten when SGI bought the Hotel. But, even assuming that the aggrieved parties wanted to get their old jobs back after more than seven years, SGI could not provide such relief either because doing so would require SGI to fire innocent employees. *See, e.g.*, *Henry v. Lennox Indus., Inc.*, 768 F.2d 746, 753 (6th Cir. 1985); *Daniels v. City of Alcoa*, 732 F. Supp. 1467, 1478 (E.D. Tenn. 1989). As the District Court noted, EEOC admitted that it

the addition of SGI as a defendant from Whitten and Jai, both of which stated to the court below that "[a]t this time the complete relief sought by the EEOC, and which is realistically anticipated by the applicable statute, may be accorded through the named parties." R.94 at 9. Jai's proceeds from the sale ($2.6 million less $300,000 allowance for repairs) were clearly sufficient to provide adequate monetary relief, *see* App. 121, 129; *Scott*, 962 F. Supp. at 1360 (predecessor's receipt of $550,000 for assets was competent evidence of ability to pay). In fact, in 2017 Whitten offered to pay $35,000 in settlement – the same amount as the District Court determined was merited. App. 300, 312. The lack of actual notice to SGI should therefore be dispositive and the District Court affirmed because the FAC does not allege that SGI had actual notice of the dispute.[7]

## B.    EEOC Failed to Adequately Plead Constructive Notice.

### 1.    Introduction

The District Court observed that this Court has not decided whether constructive notice constitutes notice under *Trujillo.* App. 139. With SGI having had

---

sought injunctive relief "in every case," and the possibility of any recurrent violations was "completely speculative." App. 313.

[7] EEOC's argument that the court below impermissibly imposed a "heightened pleading standard," EEOC Br. 35-37, is based on *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The District Court did no such thing, and EEOC's argument is essentially the same one that was rejected in *Twombly*, 550 U.S. at 569-70.

no actual notice, EEOC must rely on the concept of constructive notice to try to satisfy this most critical *Trujillo* factor, and its argument on this point related to SGI is confined to two pages of its Brief.  EEOC Br. 50-52.  For the reasons stated above, only actual notice to SGI would suffice.

Even if constructive notice were adequate as to SGI, EEOC failed to plead it adequately.  "When a court says that a defendant received 'constructive notice' of the plaintiff's suit, it means that he didn't receive notice but we'll pretend he did." *Torry v. Northrup Grumman Corp.*, 399 F.3d 876, 878 (7th Cir. 2005).  EEOC bases that pretense here on the following:  (1) EEOC had filed suit two years prior to the purchase of the Hotel by SGI, (2) a Google search for "Whitten Inn Taos" would have alerted SGI to the dispute, (3) an allegation that, with the benefit of hindsight, SGI admitted that it could have discovered the pending lawsuit with additional effort, and (4) so-called "red flags" that EEOC admits were *not* alleged in the FAC, App. 52, even though those facts were concededly in EEOC's possession when it filed both the TAC and the FAC.  EEOC intimates that SGI "took no steps at all" to discover the lawsuit, EEOC Br. 51, but it did not plead so; it knew that SGI had conducted its due diligence but had been misled by Jai.  Aplee. Supp. App. 10 (Harper dep. 103-04).  The  FAC does not allege facts required for constructive notice.

2.    **Allegations that EEOC's Suit Had Been Filed, SGI Had Failed to Do a Google Search, and SGI Could Have Done More Searching Do Not Satisfy the Requirements of Constructive Notice.**

As a threshold matter, and as the District Court reasoned, the FAC did not allege that SGI was aware of any facts that would put it on inquiry notice. App. 141 (citing *Elite Plastering Co.*, 603 F. Supp.2d at 1151)[8]; *see also EEOC v. 786 South, LLC*, No. 2:07-CV-02621-JPM, 2010 WL 4628101 at *5 (W.D. Tenn. Nov. 8, 2010) (buyer may not be held liable as a successor notwithstanding its lack of comprehensive due diligence because of the buyer's reasonable reliance on the seller's honesty and interest in acquiring the property for the lowest possible price).[9] The court below found that most of the new allegations in paragraph 35 of the FAC, the ones based on the Purchase Agreement, were irrelevant to the notice issue: "by their plain language the terms allocated liabilities concerning the parcel of land."

---

[8] EEOC relies on *dictum* in *Musikiwamba*, 760 F.2d at 752, for the proposition that the burden is normally on the successor to find out from the predecessor any potential liabilities. EEOC Br. 40. *Elite Plastering* notes that within a year of that decision, "*Wheeler*, 794 F.2d at 1237 explicitly rejected the imposition of an across-the-board due diligence inquiry." *Elite Plastering*, 603 F. Supp.2d at 1152.

[9] EEOC cites, EEOC Br. 39, 48, and cited below a preliminary opinion in the *786* case that was essentially overturned in the November 8, 2010 opinion cited above, and EEOC wholly miscited one other, *Wiggins v. Spector Freight Sys., Inc.*, 583 F.2d 882 (6th Cir. 1978). *See* App. 101-103. SGI addressed these errors. App. 114, 118.

App. 140 (footnote omitted).[10]  With respect to the mere filing of a suit, Judge Kelly

further reasoned that "[i]f the simple existence of a lawsuit were enough to impute

constructive notice to a successor owner, such a rule would require prospective

purchasers to search infinite court dockets, using all possible names of their

predecessors to determine whether potential liabilities may arise.  Courts should be

reluctant to impose due diligence requirements that are the product of 20-20

hindsight."  App. 141.  Indeed, if EEOC's reasoning were adopted, the filing of *lis*

*pendens* in *all* cases would be superfluous.  *See, e.g., United States v. Jarvis*, 499 F.3d

1196, 1202-03 (10th Cir. 2007) ("the purpose of a *lis pendens* 'is to provide notice

of pending litigation'") (citation omitted).

    EEOC claims that a Google search for "Whitten Inn Taos" would have

"assuredly" revealed the controversy based on a "YouTube posting from November

2009."  EEOC Br. 47 n.10.  But SGI did not purchase the Hotel from *Whitten*; the

FAC alleges, correctly, that SGI purchased the Hotel from *Jai*, App. 59 ¶ 35(a), and

the Hotel that Jai sold and SGI purchased was named the "El Camino Lodge," App.

121 (Purchase Agreement at 1).  There was no reason for SGI to have conducted a

Google search for a hotel named Whitten Inn Taos when SGI was purchasing the El

---

[10] Some of these same terms are recited at page 13 of EEOC's Brief but are no
longer relied on by EEOC in its argument regarding the notice issue.

Camino Lodge.  The District Court properly found that EEOC's proposal that the courts "require a particular internet search tool, let alone impose a methodology for such searches . . . is far afield from the proper, and properly limited, role of the court in commercial and social transactions."  App. 141.

The District Court also properly rejected EEOC's arguments regarding statements of Harper at his deposition that, in hindsight, additional research might have revealed EEOC's suit.  The court found that those allegations "add[ ] nothing, however, without allegations that there were some facts available that would call for [SGI] to perform such diligence."  App. 141-42 (citing *Wheeler*, 974 F.2d at 1237 & n.9, and *Elite Plastering*, 603 F. Supp.2d at 1151).  As the court ruled, "[i]mposing a duty to uncover an employment dispute involving a predecessor's predecessor, with little or no knowledge of circumstances that mandate further inquiry, would turn constructive notice into needle-in-a-haystack notice."

### 3.    EEOC's Unpled "New Facts" Should Be Disregarded.

EEOC knows that the question of whether its complaint states a claim under Rule 12(b)(6) must be determined within the "four corners" of the complaint.  R.191 at 9 n.4 (EEOC Opp. to SGI's [first] Motion to Dismiss) ("In order to remain within the confines of the four corners of the complaint, [EEOC] cannot provide the Court with additional evidence"), App. 105 n.4 (EEOC's Opp. to SGI's [second] Motion to

Dismiss) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).  That is settled law in this Circuit.  *Waller*, 932 F.3d at 1283.[11]

Implicitly acknowledging that its FAC inadequately alleges notice, *see Agema v. City of Allegan*, 826 F.3d 326, 332 (6th Cir. 2016), EEOC's brief in this Court relies on supposed new evidence, replete with quotation marks but with no citation to the Appendix.  EEOC Br. 12, 52.  EEOC admits that it "did not include these facts in the Fourth Amended Complaint."  *Id.* 52.

The evidence, from Harper's deposition, is and was not "new."  It was admittedly available to EEOC before it filed both the TAC and the FAC.  R.191 at 9 n.4.  Specifically citing to Harper's deposition, EEOC sought leave to file a fourth amended complaint in the event the court below ruled that its Third Amended Complaint failed to state a claim, *id.*, and the court cited EEOC's representations in granting leave to amend.  R.199 at 8, 10.

EEOC made a decision to include some of the facts learned in the Harper

---

[11] Most of EEOC's discussion about notice is directed specifically at Jai. EEOC Br. 44-50.  But EEOC's position that it was entitled to discovery against Jai before its allegations related to notice could be scrutinized for adequacy, EEOC Br. 38, 49, would turn *Iqbal* and *Twombley* on their heads.  Those decisions emphasize that a plaintiff is entitled to discovery only after it has properly pled a plausible claim. *Iqbal*, 556 U.S. 684-86; *Twombly*, 550 U.S. at 559.  And EEOC did take discovery of SGI by deposing Harper.

deposition in the FAC, App. 61-62, but not the "red flags" EEOC cherry picks from that deposition it cites on appeal. *See Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 399-400 (6th Cir. 2013) (refusing to consider factual allegation not included in amended complaint or to permit another amendment to the complaint, "especially . . . where the plaintiffs were already given leave to amend their complaint once and where the key facts that might make their claims plausible are easily within their own knowledge"); *accord Richmond v. Settles*, 450 Fed. Appx. 448, 451-52 (6th Cir. 2011). The decision not to plead the new "red flags" in the FAC was made by experienced counsel of EEOC who had already been given leave to amend and who had the "new facts" at their disposal, and EEOC should be held to its strategy on appeal. *See Strayhorn*, 737 F.3d at 400; *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 320-22 & n.3 (1st Cir. 2008) (refusing to consider information not pled where plaintiff apparently made a calculated decision to attach to its complaint one warranty document but not another), *cert. denied*, 555 U.S. 995 (2008).

Even if EEOC had not decided to omit from its Fourth Amended Complaint information it admittedly had at its disposal, this Court is neither required nor permitted to consider it on appeal of a dismissal for EEOC's failure to state a claim. *Waller*, 932 F.3d at 1283. The new "red flag" contentions must be disregarded.

EEOC did not adequately plead that SGI had notice of the lawsuit when SGI

21

bought the Hotel.  Especially because SGI's predecessors had ample resources to provide substantial relief and because its ownership is distinct from both Jai and Whitten, EEOC's failure to allege actual notice is fatal to the FAC.  And even if constructive notice could suffice as to SGI when the FAC did not allege that Jai and SGI were under common ownership and where the record shows that Jai and Whitten could provide substantially all of the relief sought, the FAC fails to allege facts needed for constructive notice.

### C.    EEOC Failed to Properly Allege the Other *Trujillo* Factors, an Additional Ground for Affirmance.

#### 1.    EEOC's Allegations of the Other Eight *Trujillo* Factors Do Not Pass Muster under *Iqbal* and *Twombly*.

This Court may affirm on any ground adequately supported by the record if the ground was fully briefed below.  *Feinberg v. C.I.R.*, 916 F.3d 1330, 1334 (10th Cir. 2019).  Because Judge Kelly found that the EEOC had not properly alleged that SGI had notice of the EEOC's suit, he determined he did not need to address SGI's argument that the FAC should be dismissed because EEOC improperly pled the remaining eight *Trujillo* factors.  App. 142 n.4.  This Court should affirm on this basis, as well.[12]

---

[12] Judge Kelly noted that other courts had distilled the nine factors into three: "(1) whether the successor employer had prior notice of the claim against the predecessor; (2) whether the predecessor is able, or was able prior to the purchase, to

The nine *Trujillo* factors are:  (1) whether the successor had notice of the charge, (2) the ability of the predecessor to provide relief, (3) whether there has been a substantial continuity of business operations, (4) whether the new employer uses the same plant, (5) whether he uses the same or substantially the same work force, (6) whether he uses the same of substantially the same supervisory personnel, (7) whether the same jobs exist under substantially the same working conditions, (8) whether he uses the same machinery, equipment and methods of production, and (9) whether he produces the same product.  694 F.2d at 224-25 & n.3.

Regarding SGI's potential liability as a successor, the FAC is identical to the TAC except for new allegations in paragraph 35 of the FAC related to notice, most of which the District Court found to be irrelevant.  *See* App. 58-63 (FAC ¶¶ 28-35) and *compare* R. 179 (TAC ¶¶ 28-35); App. 140.[13]  Regarding the other eight factors, the FAC makes *no* allegations relating to the fifth, sixth, and ninth factors.  *See* App.

_____

provide the relief requested; and (3) whether there has been a sufficient continuity in the business operations of the predecessor and successor."  App. 138 (citing *Wheeler* and *Gamez*).  Of those three, the first two "are the most important."  *Id.* (citing *Jackson v. Lockie Corp.*, 108 F. Supp.2d 1164, 1167 (D. Colo. 2000)).  If this Court adopts the newer three-part test, SGI has shown above that these two most important factors favor SGI.  The remaining *Trujillo* factors provide the foundation for analyzing the business continuity factor, *id.*, and EEOC either did not plead them or pled them inadequately, as discussed next below.

[13] Paragraph 36 of the FAC merely states a legal conclusion and is properly disregarded under *Iqbal*, as the District Court ruled.  App. 142.

58-59.  The fifth and sixth factors (concerning the use of the same work force and supervisory personnel) are especially important for determining whether there is a continuity of business operations.  *See Trujillo*, 694 F.2d at 223 ("One of the buyers [of the successor company], Larry Brown, was the vice-president and general manager of [the predecessor company].  He received 25 per cent of the stock of the [successor company] and continued as general manager . . . [S]ubstantially the same work force and supervisory personnel were used, including plaintiff's supervisor, who was instrumental in the discriminatory acts."); *Golden State*, 414 U.S. at 181-82 (business continuity evidenced by a "wholesale transfer of the predecessor's employees to the successor").

Made "upon information and belief" and without any factual content, EEOC's FAC merely paraphrases or quotes the second,[14] third, seventh, and eighth *Trujillo* factors.  App. 58-59 (FAC ¶¶ 28, 29, 33, 34).  These threadbare recitals of the factors "stop[ ] short of the line between possibility and plausibility of entitlement of relief" and do not satisfy the requirements of Fed. R. Civ. P. 8(a)(2) under *Iqbal*, 556 U.S. at 677-78; *Twombley*, 550 U.S. at 555; *Wasatch Equality v. Alta Ski Lifts Co.*, 820

---

[14] Even if taken at face value, the allegation in paragraph 28 that Jai and Whitten "*are* unable to provide certain relief in this lawsuit" is an insufficient allegation concerning the second factor, because the test is "whether the predecessor is able, *or was able prior to the purchase*, to provide the relief requested."  App. 138 (quoting *Wheeler* and *Gamez*).  Even EEOC recognizes this.  EEOC Br. 33.

24

F.3d 381, 386 (10th Cir. 2016); and *Phillips v. Bell*, 365 Fed. Appx. 133, 138-39 (10th Cir. 2010). These pleading deficiencies were pointed out in SGI's first motion to dismiss. *See* R. 186 at 2-4, 7-13. EEOC was given the opportunity to amend its complaint in this respect, but EEOC did not do so. In sum, EEOC failed to adequately allege the most important *Trujillo* factor (notice), ignored three other factors completely, and inadequately pled four others. Of the nine factors, the FAC arguably pleads properly only *one* – that SGI bought and uses the same hotel structure as its predecessors used, hardly a sufficient allegation to show a substantial continuity of business operations.

*All* of the allegations against SGI are made "upon information and belief." App. 58-59 (FAC ¶¶ 28-35). Even if merely paraphrasing the relevant *Trujillo* factors passed muster under *Iqbal*, the FAC would still be inadequate for a second reason. To satisfy *Iqbal*, allegations made on information and belief "must be accompanied by a statement of facts upon which the belief is founded." *Icahn Sch. of Med. at Mt. Sanai v. Neurocrine Biosciences, Inc.*, 191 F. Supp.3d 322, 328 (S.D.N.Y. 2016) (citing numerous authorities) (internal quotation marks and citation omitted); *accord Negrete v. Citibank, N.A.*, 187 F. Supp.3d 454, 461 (S.D.N.Y. 2016) (citing numerous authorities), *aff'd*, 759 Fed. Appx. 42 (2d Cir. 2019); *Garcia v. CCCA of Tenn., LLC*, No. 14-cv-1075 KG/SCY, 2015 WL 13651027 at *2 (D.N.M. Sept. 8, 2015)

(Gonzales, J.). The allegations made against SGI "upon information and belief" in the FAC lack any statement of facts on which the EEOC's belief is founded and are therefore inadequately pled.

The failure to plead adequately at least eight of the nine *Trujillo* factors, akin to elements of a claim, require dismissal of the FAC as to SGI. *See Burnett v. Mortgage Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (reference to such factors can help a court determine whether a complaint's allegations give rise to a plausible claim for relief under *Iqbal*); *accord Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *Morman v. Campbell County Mem. Hosp.*, 632 Fed. Appx. 927, 932 (10th Cir. 2015); *Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 717-18 (1st Cir. 2014); *see also Iqbal*, 556 U.S. at 675 (to determine if plaintiff stated a claim against federal officials, "we begin by taking note of the elements a plaintiff must plead to state a claim of unconstitutional discrimination against officials entitled to assert the defense of qualified immunity").

EEOC has ample investigative tools when it chooses to use them. 42 U.S.C. § 2000e-5(b). It can also learn facts in the conciliation process, but it chose not to conciliate with SGI. At any rate, when it filed the FAC, EEOC had at its disposal all of the facts learned in its all-day deposition of Harper. Failing to include any factual information in its allegations made on information and belief is fatal to the FAC.

2.    **The Record Demonstrates Why This Court Should Require Allegations Made on Information and Belief to Be Supported by Some Facts or Circumstances upon which the Belief Is Based.**

The requirement that a plaintiff making allegations on information and belief include *some* facts or circumstances on which the belief is founded is underscored in this case by the fact that the allegations so made by EEOC are directly contrary to the facts it learned in Harper's deposition.[15]   At Harper's deposition, EEOC inquired whether SGI was an "employer" that could be liable under Title VII and addressed the nine factors this Court examines to determine if successor liability should attach. *See Trujillo*, 694 F.2d at 224-25 n.3.

EEOC learned that only 10-12 people worked at the Hotel, Aplee. Supp. App. 14 (Harper dep. 173), fewer than the minimum of 15 required for Title VII to apply, 42 U.S.C. § 2000e(b); *Mount Lemon Fire Dist. v. Guido*, 139 S. Ct. 22, 25 (2018) (only those businesses with 15 or more employees are subject to liability under Title VII); *Ferroni v. Teamsters, Chauffeurs &Warehousemen Local No. 222*, 297 F.3d 1146, 1150-51 (10th Cir. 2002). Congress imposed the employer numerosity threshold because it did not want to burden small businesses like SGI with the costs

---

[15] SGI cites to the Harper deposition solely for the purpose of supporting its argument that this Court should adopt the generally accepted principle that allegations pled on information and belief must include some facts justifying the plaintiff's belief.

associated with litigating discrimination claims. *E.g., Miller v. Maxwell Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994). It applies to successor employers[16] and is jurisdictional. *Clifton v. MARS Telecon, Inc.*, No. 95-2364-JWL, 1996 WL 157288 at *4 (D. Kan. Mar. 5, 1996); *EEOC v. Anchor Sign Corp.*, No. CIV 88-68-N, 1988 WL 141031 at *2-3 (E.D. Va. July 22, 1988). So EEOC alleged "upon information and belief" that "since at least 2016, Defendant SGI has employed more than 15 employees," App. 58 ¶ 29, in spite of Harper's testimony to the contrary.

Going to the nine *Trujillo* factors, EEOC learned that SGI had no notice or knowledge of the lawsuit against Whitten and Jai. Aplee. Supp. App. 4 (Harper dep. 18). So EEOC inquired about whether SGI *should have known* of the lawsuit, focusing on the purchase price. Harper testified that the price was a fair one, *id.* 11 (Harper dep. 109-110), given the run-down condition of the property, *id.* 5-6, 8, 9, 13, 19-20, 22 (Harper dep 60-61, 87, 91-92, 161-62, 210-213, 224).[17] Because Jai's

---

[16] The successor liability doctrine is termed the "successor *employer* doctrine" where "successor *employers* may be held liable for the discriminatory practices of their predecessors." *Trujillo*, 694 F.2d at 224 (emphases added). Title VII defines "employer" as a person "who has fifteen or more employees for each working day in each of twenty of more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

[17] In fact, Harper did not negotiate the purchase price; rather, SGI was represented by an experienced hotel broker, John Hazen, Aplee. Supp. App. 11

agent misled SGI about the existence of EEOC's suit, *see* Aplee. Supp. App. 10 (Harper dep. 102-04); n.17, *supra*, SGI did not have the option of agreeing to purchasing the Hotel at a reduced price in exchange for the risk, but SGI would not have purchased the property if it had known of the EEOC's lawsuit in any event. Aplee. Supp. App. 10 (Harper dep. 102-03).   Acknowledging that "hindsight is 20/20," *id.* 23 (Harper dep. 232), Harper speculated that many factors can explain what looks like a good deal, including "[t]his lawsuit.  There's always something that pops up later.  You hope its doesn't.  You hope it's one of those times that you buy – one of those things you just gotta put your work in, you really work hard, you can turn this around.  But here we are." *Id.* 12 (Harper dep. 155).

Proceeding with the other eight factors, EEOC learned that SGI was not using the same plant as JAI:  SGI had already begun substantial renovations and was going to completely renovate the property, initially with $300,000 returned to SGI in the sale transaction, by repairing all the stucco, putting on new roofs, and replacing the asphalt, the air-conditioning system, the conference center, and the restaurant.  *Id*. 5,

---

(Harper dep 109), who advised SGI that the purchase price was "right around the market value, given the condition of the property and necessary renovations of the property," *id*. 2.  Hazen conducted a *lis pendens* search and reviewed the title report for the property.  *Id*.  He "expressly asked the listing broker . . . Chris Gomes, whether there was anything else that SGI should be aware of, including latent defects or liabilities.  Mr. Gomes assured us that there were no latent defects or liabilities associated with the Taos Hotel."  *Id*.

9 (Harper dep. 60, 90-91). EEOC learned that SGI was *not* using the furniture and equipment listed in the sale transaction document, Harper testifying that SGI had *already* purchased new carpet, furniture, plumbing, boilers, laundry carts, and pool equipment; had installed an all new laundry facility; and had entirely replaced the front desk computer and systems. *Id*. 8, 19, 20, 22 (Harper dep. 88, 210-12, 215, 224). EEOC knew that SGI did not have substantially the same work force as its predecessors, having inherited *none* of Whitten's former employees. *Id*. at 18 (Harper dep. 206). EEOC learned that SGI had completely different management and separate ownership from its predecessors. *Id*. 15, 23 (Harper dep. 177, 231). EEOC learned that none of the aggrieved parties had applied for work with SGI, SGI would consider their applications as any others, but "it wouldn't be fair" to fire an existing employee to hire one of the aggrieved parties if there were no vacant positions. *Id*. 25 (Harper dep. 242-43).

EEOC learned that SGI provided totally different working conditions than Whitten and Jai, by, for example: (1) encouraging the use of the Spanish language, Aplee. Supp. App. 16-17 (Harper dep. 187-92); (2) utilizing *none* of Whitten's or Jai's personnel policies, *id*. 20-21 (Harper dep. 213-14, 217-18); (3) promoting equality in the workplace, *id*. 23 (Harper dep. 229-30); (4) stressing team unity with those working at the Hotel, *id*. 24 (Harper dep. 239-40); (5) providing workers with

uniforms and name tags, which management also wore, *id*. 20, 24 (Harper dep. 216, 239-40); (6) replacing the assortment of shopping carts used by Jai with quality hotel carts to improve the Hotel's ambience and the housekeeper's work experience, *id*. 20, 24 (Harper dep. 215, 238-39); and even (7) providing housing for workers who could not otherwise afford it, *id*. 23 (Harper dep. 229-30).

In all important ways, the EEOC learned from Harper's deposition that SGI provided an entirely different hospitality "product" than its predecessors, through different management, improved cleanliness, extensive renovations, new furniture, new equipment, new policies, improved communications, and overall improved guest experience. *Id*. 7, 19, 20, 24-25 (Harper dep. 75, 210, 213-16, 238-41). EEOC knew there was no substantial continuity of business operations between SGI and its predecessors when it filed the FAC.

Allegations made on information and belief must be supported by some facts or circumstances that make a plaintiff's belief plausible. The circumstances of this case underscore the correctness of that principle.

## CONCLUSION

"[F]airness is the prime consideration in application of the doctrine" of successor liability under Title VII. *Rego v. ARC Water Treatment Co. of Pa.*, 181 F.3d 396, 401 (3d Cir. 1999); EEOC Br. 34. SGI is a concededly innocent small

business, Aplee. Supp. App. 23 (Harper dep. 231) (questioning by EEOC counsel), that EEOC threatens to bankrupt, *id*. 10 (Harper dep. 104)("This is all I got.").   No reasonable concept of fairness would allow EEOC to continue to wage its 11-year stop-and-start campaign against SGI based on the FAC.  *See EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 156 (4th Cir. 2014) (Wilkinson, J., concurring).

The Judgment dismissing EEOC's Fourth Amended Complaint against SGI should be affirmed on the basis of EEOC's failure to adequately plead notice.  In addition to failing to plead notice, EEOC failed to plead at least seven of the other eight *Trujillo* factors adequately, and the Judgment below should be affirmed on that alternative basis, as well.

Date: July 20, 2020                     Respectfully Submitted,

                                             _____/s/_____
                                             Paul E. Frye
                                             W. Gregory Kelly
                                             FRYE & KELLY, P.C.
                                             10400 Academy NE #310
                                             Albuquerque, NM 87111
                                             pef@fryelaw.us
                                             tel.:  505-296-9400
                                             fax:  505-296-9401

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested because of the importance of the issues concerning the successor liability doctrine and pleading requirements more generally.


                                        /s/ Paul E. Frye
                                        Paul E. Frye


## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(I) because it contains 7,988 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f).   I further certify that this brief complies with the type-face requirements of Fed. R. App. P. 32(a)(5)(A) and the preference of 10th Circuit R. 32(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel Word Perfect X7 in Times New Roman 14 point.


                                        /s/ Paul E. Frye
                                        Paul E. Frye

**CERTIFICATE OF PRIVACY REDACTIONS**

I certify that all required privacy redactions have been made, as required by

10th Cir. R. 25.5 and ECF User Manual, Section II, Part J(a).


                    /s/ Paul E. Frye

                    Paul E. Frye


**CERTIFICATE OF HARD COPIES BEING EXACT REPLICA**

I certify that the hard copies submitted to this Court, once the brief is deemed

compliant, are/will be exact copies of the ECF version filed electronically.


                    /s/ Paul E. Frye

                    Paul E. Frye


**CERTIFICATE OF VIRUS SCAN**

I certify that this electronic submission was scanned for viruses on July 7, 2020

with the most recent version of a commercial virus scanning program (Sophos

Antivirus Version 10.8.7, last updated July 7, 2020) and found to be free from

viruses.


                    /s/ Paul E. Frye

                    Paul E. Frye

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing brief with the Court via the appellate CM/ECF system on July 20, 2020, and will send seven copies of the foregoing brief by next business day delivery, postage pre-paid, to be received by this Court within five days of this brief being deemed compliant. I also certify that counsel of record, who have consented to electronic service, will be served the foregoing brief via the appellate CM/ECF system.

    /s/ Paul E. Frye
Paul E. Frye